IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DORTHENA SCRIBNER**                                                                                      **PLAINTIFF**

**v.**                                                   **4:06CV01315-WRW**

**PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA**                                                             **DEFENDANT**

## ORDER

This is an ERISA action arising from Defendant's decision to cancel Plaintiff's short-term disability ("STD") benefits and to deny her claim for long-term disability ("LTD") benefits.[1] Pending are Plaintiff's and Defendant's Motions for Summary Judgment (Doc. Nos. 9 and 12). Defendant argues that Plaintiff's claim should be dismissed for failure to exhaust administrative remedies, and because it properly denied benefits under the governing employment plan. For the following reasons, Defendant's Motion is GRANTED.

As an employee of L'Oreal USA, Inc., Plaintiff qualified for disability benefits provided by Defendant, the claims administrator. Plaintiff quit working as a line operator on February 24, 2004 because of neck and back pain and migraine headaches. Although she returned to work on April 2, 2004, she stopped working again on April 20, 2004. Plaintiff's STD benefits were cancelled and a request for LTD was denied by letter dated June 8, 2004.

Plaintiff appealed the decision and was informed by letter dated September 27, 2004, that the decision to terminate her claim for STD benefits and disallowing her claim for LTD benefits was

---

[1] 29 U.S.C. § 1001.

upheld.² In the letter denying benefits, the administrator stated: "After completion of the first two levels of appeal, you may also file a lawsuit . . . ."³ The ERISA statement which accompanied both the STD and LTD Plan also explained the decision and appeal procedure. If the benefit claim was denied, three appeals could be made, as long as they were in writing and filed within 180 days of receipt of the decision.⁴ A lawsuit could be filed only after the first two appeals had been taken.

The Eighth Circuit has a strict administrative procedure exhaustion requirement as a prerequisite for bringing claims for wrongful denial.⁵ This exhaustion requirement applies if the employee has notice of the procedure, even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit.⁶ The Eighth Circuit has emphasized the purpose and importance of the exhaustion requirement:

> Exhaustion serves many important purposes -- giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits.⁷

---

²Administrative Record p. 265-68.

³Administrative Record p. 267, 286.

⁴Administrative Record p. 17-18.

⁵*Wert v. Liberty Life Assur. Co. of Boston, Inc.*, 447 F.3d 1060, 1065 (8th Cir. 2006); see also *Kinkead v. SW Bell Corp. Sickness and Accident Disability Benefit Plan*, 111 F.3d 67, 69 (8th Cir. 1997) ("[C]laimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court.") .

⁶*Id.* at 1063.

⁷*Beasley v. Harford Life and Acc. Ins. Co.*, No. 4:06CV000034-WRW; 2007 WL 990325 at *2 (E.D. Ark. March 29, 2007) (citing *Galman v. Pudential Ins. Co. of America*, 254 F.3d 768 (8th Cir. 2001).

Defendant argues that Plaintiff did not request a second appeal; therefore, she did not exhaust her administrative remedies.

Plaintiff responds to the exhaustion argument citing a letter sent by her counsel on February 3, 2006, in support of her contention.[8] In reply, Defendant notes that the second appeal letter is not part of the administrative record, and was received over a year after Defendant's decision -- almost 500 days later. The September 2004 rejection letter explained that an appeal had to be submitted within 180 days of the letter's receipt.[9] Because Plaintiff failed to exhaust her administrative remedies, Plaintiff's claims are DISMISSED.

Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 17th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8] Doc. No. 13, p. 19.

[9] Administrative Record p. 286.